UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ESTATE OF JASON LOWTHER, et al.,

      Plaintiffs,

v.

CITY OF NEWARK, et al.,

      Defendants.

Civ. No. 13-7244 (KM) (MAH)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Plaintiffs, the estate of Jason Lowther and Avant Lowther, Jr., by their counsel, are proceeding with a civil rights complaint under 42 U.S.C. § 1983. Presently pending before the Court is the motion of two defendants, police officers Charles Matos and Roger Harris, to dismiss the complaint. For the following reasons, the motion to dismiss will be denied.

## II. BACKGROUND

This case arises out of the suicide of Jason Lowther while he was detained at the Green Street cell block in Newark, New Jersey in May of 2012. His estate initially filed his complaint in New Jersey Superior Court, Essex County Law Division, in October 2013. The original complaint named the following parties: (1) City of Newark; (2) Newark Police Department; (3) Detective Torrence Minatee; (4) Lieutenant Darrell White; (5) John/Jane Doe Emergency Medical Technicians "A" through "Z"; (6) John/Jane Doe Newark Police Officers "A" through "Z"; and (7) ABC Public Agency "A" through "Z." In December 2013, this matter was removed from state court to this federal court.

Default was initially entered against the defendants on January 31, 2014. However, default was vacated on consent. The City of Newark and the Newark Police Department filed an answer on February 25, 2014.

The City of Newark served its Rule 26 disclosures on Plaintiffs on April 11, 2014. On September 12, 2014, defendants Minatee and White answered the complaint. On September 19, 2014, Plaintiffs filed a motion to amend the complaint. The proposed amended complaint added as new defendants Officers Matos and Harris, as well as Valerie Johnson.

On December 16, 2014, Magistrate Judge Hammer granted the motion to amend the complaint. Default was entered against defendants Harris and Johnson on February 20, 2015. The default was vacated as against Harris on April 22, 2015.

On May 8, 2015, defendants Matos and Harris filed the current motion to dismiss. They argue that the complaint should be dismissed against them because Plaintiffs' claims were filed after the applicable statute of limitations had expired. Matos and Harris argue that the claims against them in the amended complaint do not relate back to the filing of the original complaint, because that complaint did not identify them by name; it named only fictitious "John/Jane Doe Newark Police Officers 'A' through 'Z'."

### III. ANALYSIS

The original complaint, filed in New Jersey Superior Court, named as defendants John/Jane Doe Newark Police Officers A-Z. When Plaintiffs later identified Officers Matos and Harris, they amended their complaint to name them as defendants. In the meantime, according to defendants, the statute of limitations ran. Thus the amended complaint is timely as against Matos and Harris only if the allegations against them in the amended complaint relate back to the date of the original complaint. To put it another way, the question is whether the naming of "John

Doe" defendants stopped the limitations clock as against defendants who were subsequently identified by name.

New Jersey Court Rule 4:26–4 governs the issue of whether a fictitious party will be treated as a placeholder for one subsequently identified. It provides in pertinent part:

> [I]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

N.J. CT. R. 4:26–4. There are three principal requirements to invoke the fictitious party rule: 1) the complaint must contain a description sufficient to identify the defendant; 2) the plaintiff must have exercised due diligence to ascertain the defendant's true name before and after filing the complaint; and 3) application of the fictitious party must not prejudice the defendant. *See Ortiz ex rel. Rivera v. City of Camden,* Civ. 11–2300, 2013 WL 1811895, at *3 (D.N.J. Apr. 29, 2013); *Constantino v. City of Atl. City,* Civ. 13–6667, 2014 WL 6474076, at *4–5 (D.N.J. Nov. 19, 2014).

The motion to dismiss asserts that the fictitious party rule should not apply because Plaintiffs did not exercise due diligence to ascertain the identities of Matos and Harris before and after filing the original complaint.[1] The argument runs as follows: "Armed with the knowledge that there were Newark police officers responsible for the safety and supervision of Mr. Lowther, it was incumbent upon plaintiff to take reasonable action to uncover who could be held responsible, information that would be readily available through civil discovery methods." (Dkt.

---

[1] The Moving Defendants concede that Plaintiffs complied with the first requirement of the fictitious party rule by naming John/Jane Doe Newark Police Officers "A" through "Z" in the original complaint.

3

No. 26-1 at p. 8) The City of Newark and the Essex County Prosecutor's Office allegedly completed their investigations of Mr. Lowther's death long before this complaint was filed. On September 21, 2012, the Essex County Prosecutor's Office "signed off" on criminal charges being filed against officers who may have been negligent. Matos and Harris were identified as possibly responsible parties. On November 26, 2012, Newark concluded its investigation of possible disciplinary violations by Matos and Harris and determined that they had not violated Newark Police Department Rules and Regulations. According to the motion to dismiss, these internal investigatory reports and documents placed Plaintiffs on notice that they might have claims against Matos and Harris. Their failure to uncover the true identities of the "John Doe" police officers evinces a lack of due diligence.

For the reasons that follow, this Court will deny the motion to dismiss.

"The meaning of due diligence will vary with the facts of each case." *DeRienzo v. Harvard Indus, Inc.*, 357 F.3d 348, 354 (3d Cir. 2004). "'The New Jersey Supreme Court has instructed that [a] court should broadly interpret the diligence requirement to one of 'good faith' effort to determine the fictitious party's identity.'" *Prystowsky v. TGC Stores, Inc.*, No. 07-0072, 2011 WL 3516174, at *4 (D.N.J. Aug. 11, 2011) (quoting *Carroll v. Setcon Indus.*, No. 10-4737, 2011 WL 736478, at *6 (D.N.J. Feb. 23, 2011) (citing *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111, 120, 299 A.2d 394 (1973))). Furthermore, "a motion to dismiss on statute of limitations grounds in the context of fictitious party practice is governed by the 'interests of justice.'" *See Baker v. J.J. De Luca Co., Inc.*, L-1393-06, 2008 WL 4648235, at *10 (N.J. Sup. Ct. App. Div. Oct. 10, 2008).

Plaintiffs were sufficiently diligent in ascertaining the identities of Harris and Matos. Specifically, counsel requested and received arrest and incident reports in relation to Mr.

Lowther's suicide. Those reports did not mention Matos or Harris. To the contrary, the officers named in those reports were White and Minatee, whom Plaintiffs did name as defendants in their original complaint. Thus this case is unlike *Cardona v. Data Sys. Computer Centre*, 618 A.2d 864, 865 (N.J. Super. Ct. App. Div. 1992), cited by Matos and Harris in their motion. In *Cardona*, the Appellate Division noted that the plaintiff could have obtained a copy of an accident report which revealed the names and the address of the parties involved. *See id.* In this case, however, the Plaintiffs *did* obtain a copy of the relevant report, and the report did *not* mention Matos or Harris.[2]

Nor did Plaintiffs' pre-suit investigation stop with the arrest report. They also retained a private investigator, who was a former Newark Police Officer, in an attempt to obtain the names of other individuals who may have been culpable in Mr. Lowther's death. The private investigator was unable to identify any other individuals. Finally, Plaintiffs' counsel interviewed other persons who were detained at the Green Street cell block on the date of Mr. Lowther's death. None of those detainees were able to identify the names of any other potentially responsible police officers.

It was not until in April 2014, when the Plaintiffs received defendants' Rule 26 initial disclosures, that they discovered that Harris and Matos were potentially involved parties. On September 19, 2014, Plaintiffs moved to amend the complaint to add Matos and Harris as defendants under their own names.[3] True, there was a five-month delay between the discovery and the motion to amend. Nevertheless, I find that Plaintiffs made a diligent, good faith effort,

---

[2] Matos and Harris point to internal investigatory reports. *See* pp. 3–4, *supra*. There is no showing, however, that plaintiffs could have gained access to those documents before filing suit and invoking discovery procedures.

[3] In the interim an initial June 2014 court conference was adjourned at the City of Newark's request, and adjourned again by the Court in August.

and I am also mindful that the fictitious party practice rule is to be construed to do substantial justice. The five-month gap is not enough to convince me that Plaintiffs did not act with due diligence.

Matos and Harris argue that they will be prejudiced if this Court denies their motion to dismiss. Prejudice is "a crucial factor" in applying the fictitious party practice rule. *See Claypotch v. Heller, Inc.*, 823 A.2d 844, 848 (N.J. Super. Ct. App. Div. 2003). Prejudice factors include "destruction or alteration of evidence after the initial discovery period, frustration of attempts at subsequent examination, or witness unavailability or memory lapse due to delay." *DeRienzo*, 357 F.3d at 356 (citations omitted). Ultimately, however, "even though a defendant suffers some prejudice merely by the fact that it is exposed to potential liability for a lawsuit after the statute of limitations has run, absent evidence that the lapse in time has resulted in a loss of evidence, impairment of ability to defend, or advantage to plaintiffs, justice impels strongly towards affording the plaintiffs their day in court on the merits of their claim." *Claypotch*, 823 A.2d at 850 (internal quotation marks and citations omitted).

The motion of Matos and Harris alludes to faded memories, but this allegation is nonspecific and speculative. Generally speaking, of course, time passes and memories fade. But discovery in this case has been ongoing, and Matos and Harris fail to cite any specific evidence or testimony that has been lost as a result of the delay in naming them as defendants. Accordingly, this Court finds that they will not be prejudiced to an extent that overcomes the principle of justice that a plaintiff should receive his day in court.

Because Plaintiffs exercised due diligence and Matos and Harris will not be prejudiced to a degree sufficient to overcome the interests of justice in hearing plaintiffs' claims, this Court will deny the motion to dismiss.

6

## IV.   CONCLUSION

The motion of defendants Matos and Harris to dismiss the complaint will be denied. An appropriate Order will be entered.

Date:  November 6, 2015

                                                KEVIN MCNULTY
                                                United States District Judge